UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CAROLYN LOUISE JOHNSON,
    - Plaintiff,

v.                                               CIVIL NO. 3:10-CV-1023 (VLB)

MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,
    - Defendant.

## Ruling and Order on Defendant's Motion to Remand

On October 27, 2010, the plaintiff, Carolyn Louise Johnson, filed a motion to reverse the decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her application for Social Security Disability ("SSD") benefits and Supplemental Security Income ("SSI") benefits. (Dkt. #10.) In the alternative, the plaintiff moved the court to remand her case for a new administrative hearing before a different Administrative Law Judge ("ALJ"). Pl.'s Mem. in Supp. of Mot. to Dismiss 35. On January 10, 2011, the Commissioner moved to voluntarily remand the case for further administrative proceedings pursuant to 42 U.S.C. sec. 405(g), sentence four. (Dkt. #16.) The plaintiff objected to the motion only insofar as it would result in a remand to the same ALJ. Pl.'s Partial Objection 1. The issue before the court is whether it is appropriate to remand this case to an ALJ other than Eileen Burlison, the ALJ who presided over the initial hearing. For the reasons described below, the defendant's motion for remand

(Dkt. #16) is **GRANTED** and the court takes no position on which ALJ the case should be assigned to upon remand.

## I. Legal Standard

Courts in this district have recognized that the decision to remand a case to a new ALJ is generally reserved for the Commissioner. Dellacamera v. Astrue, No. 3:09-CV-1175 (JBA), 2009 WL 3766062, at *1 (D. Conn. Nov. 5, 2009)(citing Travis v. Sullivan, 985 F.2d 919, 924 (7th Cir. 1993)). The courts may intervene only upon a showing of bias or partiality on the part of the original ALJ. Id. (Internal citations omitted). There is a rebuttable presumption that the original ALJ is unbiased as both investigator and adjudicator. See Withrow v. Larkin, 421 U.S. 35, 47 (1975); Schweiker v. McClure, 456 U.S. 188, 195. The plaintiff, as the party asserting the ALJ's bias, bears the burden of rebutting that presumption by demonstrating a "conflict of interest or some other specific reason for disqualification." Schweiker, at 195-96. To prove bias, the plaintiff must "show that the ALJ's behavior, in the context of the whole case, was 'so extreme as to display clear inability to render fair judgment.'" Rollins v. Massanari, 261 F.3d 853, 858 (9th Cir. 2001)(quoting Liteky v. United States, 510 U.S. 540, 551 (1994)). "[A]ny alleged prejudice on the part of the decisionmaker must be evidence from the record and cannot be based on speculation or inference." Navistar International Transportation Corp. v. U.S. EPA, 941 F.2d 1339, 1360

(6th Cir. 1991).

## II. Discussion

At the outset, the court will note that the Commissioner is not insisting that the original ALJ, Burlison, be reassigned to the case, but only requesting that the court abstain from intruding upon the discretion of the agency. Def.'s Reply 1. When determining whether it is appropriate to remand the case to an ALJ other than the original, the courts in this district follow the four-factored analysis set forth in Sutherland v. Barnhart, 322 F. Supp. 2d 282, 292 (E.D.N.Y. 2004). See, e.g., Card v. Astrue, No. 3:09-cv-1101(CFD)(TPS), 2010 WL 4643767, at *2 (D. Conn. Nov. 9, 2010)(discussing the prevailing trend in this district to utilize the Sutherland factors and not the Robin[1] factors). The four factors are:

> Specifically, when the conduct of an ALJ gives rise to serious concerns about the fundamental fairness of the disability review process, remand to a new ALJ is appropriate. Factors for consideration in this determination include: (1) a clear indication that the ALJ will not apply the appropriate legal standard on remand; (2) a clearly manifested bias or inappropriate hostility toward any party; (3) a clearly apparent refusal to consider portions of the testimony or evidence favorable to a party, due to apparent hostility to that party; (4) a refusal to weigh or consider evidence with impartiality, due to apparent hostility to any party. Dellacamera v. Astrue, 3:09-CV-1175(JBA), 2009 WL 3766062, at *2 (D. Conn. Nov. 5, 2009)(citing Sutherland v. Barnhart, 322 F. Supp. 2d 282, 292 (E.D.N.Y. 2004)).

---

[1] United States v. Robin, 553 F.2d 8 (2d Cir. 1977).

The first factor requires the court to consider whether the ALJ gave a clear indication that she will not apply the appropriate legal standard on remand. Sutherland, 322 F. Supp. 2d 282 at 292. The plaintiff suggested that "the nature and extent of the legal error committed by the ALJ warrants an order from this court requiring that the new hearing be held by a different ALJ." Pl.'s Mem. in Supp. of Partial Objection 1. This is a very difficult factor to meet; simply failing to adhere to the appropriate legal standard during the first hearing does not clearly indicate that the ALJ would not apply the correct standard on remand. Card v. Astrue, No. 3:09-cv-1101(CFD)(TPS), 2010 WL 4643767, at *2 (D. Conn. Nov. 9, 2010). The plaintiff offers no evidence that the ALJ gave a clear indication that the error would occur again on remand. In the absence of any clear indications to the contrary, the court finds that the plaintiff has not established the first Sutherland factor.

The second factor requires the court to consider whether the ALJ clearly manifested bias or inappropriate hostility toward any party. Sutherland, 322 F. Supp. 2d at 292. In her Memorandum in Support of Summary Judgment, Dkt. #11, the plaintiff states "this [ALJ] appears to have demonstrated a bias against the plaintiff." Id. at 35. Plaintiff further explains "[c]ounsel does not contend that this is a particularized bias. Unfortunately, in counsel's view, this ALJ is biased against all claimants, at least those not

from a middle class background." Id. at 35 n.9. The court finds that plaintiff's counsel's view is not one that is evidenced from the record. Indeed, it is exactly the type of speculation upon which Navistar, *supra*, forbids the court from basing a finding of prejudice. Therefore, the court finds that the plaintiff has not established the second Sutherland factor.

The third factor requires the court to consider whether the ALJ clearly refused to consider portions of the testimony or evidence favorable to a party, due to apparent hostility to that party. Sutherland, 322 F. Supp. 2d at 292. Here, the plaintiff points to the fact that the ALJ relied on the opinion of an agency physician in support of her residual functioning capacity finding. Pl.'s Mem. 4. This is significant, according to the plaintiff, because the opinion was rendered "long before claimant suffered massive coronary problems that necessitated quadruple bypass surgery." Id. at 5. Although this fact greatly concerns this court, the plaintiff has not met her burden; the plaintiff presents no evidence that the ALJ acted due to apparent hostility toward Ms. Johnson. For this reason, the court finds that the plaintiff has not established the third Sutherland factor.

The fourth factor requires the court to consider whether the ALJ refused to weigh or consider evidence with impartiality, due to apparent hostility towards that party. Sutherland, 322 F. Supp. 2d at 292. The plaintiff claims that the ALJ's opinion is "riddled

5

with evidence that she started with denial as an objective and worked her way backwards from there. There is substantial reason to believe the claimant did not receive a fair hearing the first time." Pl.'s Mem. in Supp. Of Partial Objection 5. Plaintiff claims that the ALJ fabricated a history of alcoholism in order to "manufacture grounds upon which to find that the claimant's testimony lacked credibility." Id. at 4. Although the facts supporting the ALJ's diagnosis that the plaintiff had a history of alcoholism are questionable, the plaintiff offered no evidence that this was made out of an apparent hostility toward the plaintiff. Indeed, there is *some* basis for the ALJ's finding of alcohol abuse in the record. Plaintiff herself notes that there is a record, exhibit 25F, in which a physician who examined the plaintiff at a local hospital stated that the plaintiff had a history of alcohol abuse. Pl.'s Mem. in Supp. of Summ. J. 19. Although plaintiff questions the credibility of this document, it does exist in the record and therefore could support the finding that the ALJ acted in good faith and not out of a clear bias or partiality. Id. at 11-12, 19. The plaintiff suggests that there is evidence of bad faith because the ALJ did not cite exhibit 25F in her decision. Id. 19. See also, Pl.'s Mem. in Supp. of Partial Objection 4. This argument is not convincing. The fourth Sutherland factor requires the court to consider the entire record as a whole and not just the ALJ's decision. Rollins v. Massanari, 261 F.3d 853, 858

6

(9th Cir. 2001). Therefore the court finds that the plaintiff has not established the fourth and final <u>Sutherland</u> factor.

**III. Conclusion**

Because the plaintiff has failed to establish any of the <u>Sutherland</u> factors, the court remains unconvinced that there are serious concerns about the fundamental fairness of the manner in which ALJ Burlison will handle this case on remand. Therefore the defendant's motion for remand (Dkt. #16) is **GRANTED.** Furthermore, the court takes no position on which ALJ the case should be assigned to upon remand as that decision rests with the Commissioner. <u>Dellacamera v. Astrue</u>, No. 3:09-CV-1175 (JBA), 2009 WL 3766062, at *1 (D. Conn. Nov. 5, 2009).

Either party may timely seek review of this recommended ruling in accordance with Rule 72(b) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 72(b). Failure to do so may bar further review. 28 U.S.C. § 636(b)(1)(B); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir.1989).

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut, this 15th day of February, 2011.**

        **/s/ Thomas P. Smith**
        **Thomas P. Smith**
        **United States Magistrate Judge**