UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CAROLYN LOUISE JOHNSON, : | |
|    Plaintiff : | |
| : | CASE NO. |
| v. : | 3:10-CV-1023 (VLB) |
| : | |
| MICHAEL J. ASTRUE, : | |
|    Commissioner, : | July 19, 2011 |
|    Social Security Administration, : | |
|    Defendant : | |

**<u>RULING DENYING PETITIONER'S MOTION TO REVERSE THE DECISION OF THE COMMISSIONER [#10], GRANTING THE DEFENDANT'S MOTION TO REMAND TO THE AGENCY FOR FURTHER ACTION [#16] AND ADOPTING MAGISTRATE JUDGE SMITH'S RECOMMENDED RULING [#19]</u>**

This action arises under Title II and Title XVI of the Social Security Act as set forth in 42 U.S.C. §401 et. seq. and 42 U.S.C. § 1382 et. seq. Jurisdiction to review the decision of the defendant, Commissioner of Social Security (the "Commissioner") is conferred on this Court by 42 U.S.C. §§405 (g), 421(d) and 1383(c).

The Plaintiff applied for Social Security Disability benefits under Title II of the Social Security Act and for Supplemental Security Income benefits under Title XIX of that Act. Defendant Commissioner is empowered to make findings of fact and decisions as to the rights of individuals applying for benefits under the Act pursuant to 42 U.S.C. §405, 421 and 1383.

1

The plaintiff contests defendant's decision denying her entitlement to benefits under the Act based on the following procedural history. The Social Security Administration reviewed Petitioner's case and determined her to be ineligible for benefits. The Petitioner requested review by the Federal Reviewing Official, but the ineligibility determination was reaffirmed. On review, Administrative Law Judge Elieen Burlison (the "ALJ") found in her decision dated March 3, 2010 that Petitioner was not entitled to social security benefits. The plaintiff's case was selected for review by the Decision Review Board pursuant to the provisions of 20 C.F.R. 405.401 et. seq. On June 16, 2010 the Decision Review Board notified the plaintiff that it intended to take no action with regard to the plaintiff's claim. Pursuant to the provisions of 20 C.F.R. §495.420(a)(2), the decision of the ALJ became a final decision and subject to review by this Court under the provisions of 42 U.S.C. §§405, 421 and 1383 and 20 C.F.R. §405.420(a)(2). Pursuant to 42 U.S.C. §§405g, 421(d) and 1383(c) the plaintiff brought this action seeking judicial review of the Commissioner's decision by complaint filed in this court on October 27, 2010.

On July 2, 2010, the matter was referred by this Court to Magistrate Judge Thomas P. Smith ("Judge Smith"). On January 10, 2011, the Commissioner filed its Motion to Remand to the Agency [Doc. #16]. The Petitioner filed an objection in which she objected only to the remand to ALJ Burlison. [Doc. #16]. On February 15, 2011, Judge Smith rendered a Ruling and Order on Defendant's Motion to Remand, GRANTING the Commissioner's motion to remand and DENYING Petitioner's motion for an order directing the Commissioner to assign

the case to another ALJ. [Doc. #19]. In his order, Judge Smith informed the parties that either party may timely seek review of this recommended ruling in accordance with Rule 72(b) of the Federal Rules of Civil Procedure. Fed. R.Civ.P. 72(b). He further informed the parties that failure to do so may bar further review. 28 U.S.C. §636(b)(1)(B), citing *Small v. Sec'y of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989). Neither party has filed an objection although the Petitioner, through her counsel has filed a Stipulation for Allowance of Attorney's Fees subsequent and in apparent response to Judge Smith's ruling. [Doc. #20].

Having reviewed Judge Smith's recommended ruling and the record in this case, it is hereby ordered that the case is remanded without direction to reassignment to an Administrative Law Judge because the record does not establish that ALJ Burlison's conduct raised a serious concern about the fundamental fairness of the disability review process. There is no indication that she would not apply the correct legal standard, that she clearly manifested bias or inappropriate hostility toward any party, that she clearly refused to consider the testimony or evidence favorable to the Petitioner based on hostility towards her, or that she refused to weigh the evidence with impartiality due to hostility toward the Petitioner.

IT IS SO ORDERED.

_____/s/_____
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: July 19, 2011.